UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEIDRE PIERRE (#445265)

VERSUS                                            CIVIL ACTION

JAMES LEBLANC, ET AL                              NUMBER 10-618-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 22, 2011.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEIDRE PIERRE (#445265)

VERSUS                                    CIVIL ACTION

JAMES LEBLANC, ET AL                      NUMBER 10-618-JJB-SCR

SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

Defendants filed a Motion for Partial Summary Judgment[1] to which the plaintiff filed an opposition.[2]

On September 15, 2011, a magistrate judge's report was submitted to the district judge recommending that the defendants' motion be granted and this action be dismissed.

Plaintiff filed an objection[3] to the magistrate judge's report arguing, in part, that the report failed to address her Rehabilitation Act and Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., claims raised in the amended complaint.[4]

A review of the amended complaint[5] showed that although the plaintiff asserted § 504 of the Rehabilitation Act and the ADA as

---

[1] Record document number 13.

[2] Record document number 27.

[3] Record document number 33.

[4] Record document number 9, Motion for Leave to File Amended Complaint; record document number 28, Order granting motion.

[5] Record document number 9.

a basis for jurisdiction over the claims raised in the complaint, she failed to assert a factual or legal basis to support claims under the Rehabilitation Act or ADA.

Both the ADA and the Rehabilitation Act provide that an individual cannot be excluded from participation in or be denied the benefits of public services, programs, or activities by reason of a disability. *See* 42 U.S.C. § 12132 ([N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity"); 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability ... shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance") (emphasis added).

Plaintiff did not allege that she was denied participation in or the benefits of public services, programs or activities by reason of her disability.

Insofar as the plaintiff's original and amended complaints can be read to allege that she suffered discrimination in employment on the basis of her disability, the claim is without merit.

The ADA, 42 U.S.C. §§ 12102 et seq., prohibits discrimination in employment against a qualified individual on the basis of his disability.

To prevail on a claim under the ADA, an employee must establish that (1) he has a disability; (2) he is qualified for the position in which he seeks employment; and (3) he was discriminated against because of his disability. *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).

Plaintiff is not an employee for purposes of the ADA. Plaintiff's relationship with prison officials arises out of her status as a prisoner rather than her status as an employee. The principal purpose of their association is imprisonment – not employment. When a prisoner has been sentenced to labor, "his labor belongs to the prison and is at the disposal of the prison officials." *Watson v. Graves*, 909 F.2d 1549, 1553 n. 7 (5th Cir. 1990). There is "no employer-employee relationship" when the prisoner's labor is owed to the penitentiary as a consequence of the sentence. *Alexander v. Sara, Inc.*, 721 F.2d 149, 150 (5th Cir. 1983).

For the reasons set forth in the Magistrate Judge's Report issued September 15, 2011, as supplemented herein, the defendants' Motion for Partial Summary Judgment should be granted and the plaintiff's complaint should be dismissed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that, for the reasons set forth in the Magistrate Judge's Report issued September 15, 2011, as supplemented herein, the defendants' Motion for

Partial Summary Judgment be granted. It is further recommended that plaintiff's Rehabilitation Act and Americans with Disabilities Act claims alleged in the amended complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and this action be dismissed.

Baton Rouge, Louisiana, November 22, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE